# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ASHINC Corporation, *et al.*,<br>　　　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 12-11564 (CSS)<br>(Jointly Administered) |
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET. AL., AS SUCCESSOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ASHINC CORPORATION, AND ITS AFFILIATED DEBTORS,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>BLACK DIAMOND OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., and SPECTRUM INVESTMENT PARTNERS, L.P.,<br><br>　　　　　　　　　　　　Intervenors,<br><br>　　　　　　　v.<br><br>YUCAIPA AMERICAN ALLIANCE FUND I, L.P., and YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P.,<br><br>　　　　　　　　　　　　Defendants. | Civ. Action No. 21-cv-1650 (CFC)<br><br>Adv. Proc. No. 13-50530 |

| | |
|---|---|
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET AL., AS SUCCESSOR TO BLACK DIAMOND OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., SPECTRUM INVESTMENT PARTNERS, L.P., BLACK DIAMOND COMMERCIAL FINANCE, L.L.C., as co-administrative agent, and SPECTRUM COMMERCIAL FINANCE LLC, as co-administrative agent,<br><br>                    Plaintiff,<br><br>                      v.<br><br>YUCAIPA AMERICAN ALLIANCE FUND I, L.P., and YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P.,<br><br>                    Defendants. | Civ. Action No. 21-cv-1649 (CFC)<br><br>Adv. Pro. No. 14-50971 (CSS) |

**LITIGATION TRUSTEE'S OPPOSITION TO DEFENDANTS
YUCAIPA AMERICAN ALLIANCE FUND I, L.P. AND YUCAIPA AMERICAN
ALLIANCE (PARALLEL) FUND I, L.P.'S MOTION FOR LEAVE TO FILE
SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER
PURSUANT TO 28 U.S.C. § 157(d) AND BANKRUPTCY RULE 5011(a)
<u>WITHDRAWING THE REFERENCE OF ADVERSARY PROCEEDINGS</u>**

The Trustee respectfully submits this Response to Yucaipa's motion for leave to file a supplemental brief in further support of its Withdrawal Motion (21-01649, D.I. 4) (the "**Motion for Leave**").[1]  For the reasons set forth below, the Trustee respectfully requests that the Motion for Leave — like the Withdrawal Motion — be denied.

## PRELIMINARY STATEMENT

Yucaipa's Motion for Leave requests an improper sur-reply to its Withdrawal Motion claiming the Trustee somehow announced a "new position" with respect to what remains for trial.  This is not accurate.  There has been no "new position," changed fact, or evidence warranting any sur-reply here.  Should Your Honor permit Yucaipa to file its Supplemental Brief, we respectfully request the opportunity to respond substantively to the arguments raised.  Because Yucaipa included the substance of its requested sur-reply in its Motion for Leave (at 3-4), we respond briefly as follows.

\* \* \*

As repeatedly explained to Yucaipa's counsel, the Trustee stands by every statement in her Withdrawal Opposition and briefings before Judge Sontchi.  The Trustee's position with respect to the *factual issues* remaining for trial has not changed, and Yucaipa's Withdrawal Motion — filed 8 ½ years post-commencement of this case — remains untimely and otherwise unsupported.  This Motion for Leave is simply another attempt by Yucaipa, in Judge Sontchi's words, to "carry on the delays that [it] has been so successful in achieving to date, to the immediate and irreparable detriment of Allied's creditors and estate."  (*See* 13-50530, D.I. 907

---

[1]   Abbreviations and citation conventions used in the Trustee's Opposition to Yucaipa's Withdrawal Motion (the "**Withdrawal Opposition**"), and in prior briefing, are used again here. Yucaipa's Supplemental Brief (D.I. 4-2) submitted with its Motion for Leave is referred to as the "**Supplemental Brief**" or "**Supp. Br.**"

(12/6/21 Mem. Order) at 17). Yucaipa's continued delay efforts should not be rewarded, and its Motion for Leave should be denied.

## ARGUMENT

I. **NO "NEW CIRCUMSTANCES" JUSTIFY THIS IMPROPER SUR-REPLY**

"Sur-reply briefs are disfavored" in this District. *Waters Techs. Corp. v. Aurora SFC Sys. Inc.*, 2012 WL 13167829, at *1 (D. Del. Apr. 20, 2012); *see also* D. Del. LR 7.1.2(b) ("Except for the citation of subsequent authorities, no additional papers shall be filed absent Court approval."). Motions for leave to file sur-replies are properly denied where the "proposed Surreply contains arguments repetitive of those contained in [the opening brief] or which could have been raised in [it]." *PHL Variable Ins. Co. v. Alan Wollman Ins. Tr.*, 2010 WL 2836388, at *1 (D. Del. July 16, 2010). A sur-reply is only permissible "if it responds to new evidence, facts, or arguments." *Anderson v. Loc. 435Union*, 2014 WL 4955611, at *1 (D. Del. Sept. 30, 2014) (quoting *St. Clair Intellectual Prop. Consultants, Inc. v. Samsung Elecs. Co.*, 291 F.R.D. 75, 80 (D. Del. 2013)). Yucaipa raises no "new evidence, facts, or arguments" to which a sur-reply is permitted to respond. *Id.*

    A. **The Trustee's Position is Unchanged and Factual Overlap, If Any, is Insignificant**

Yucaipa's claim that there is somehow going to be "trial by ambush" is meritless. In his summary judgment Opinion, Judge Sontchi held, as a matter of *law*, that "Yucaipa acted in bad faith in purchasing first lien debt under an invalid Fourth Amendment and assuming Requisite Lender status thereunder." (Opinion at 108). In support of that holding, Judge Sontchi cited the decisions of the New York courts and the Third Circuit. (*See id.* at 65-66, 92-93).

After issuing the Opinion — in the course of denying Yuciapa's motions to stay enforcement of the Judgment and, later, to stay the proceedings and upcoming trial — Judge

2

Sontchi was crystal clear: "there was no fact finding" in the Opinion. (*See* 13-50530, D.I. 864 (7/6/21 Hearing) at 31:21-32:14); 13-50530, D.I. 907 (12/6/21 Mem. Order) at 11 ("As this Court has previously held, the Court made no factual findings in its Opinion. … [T]he Court's Opinion made determinations as a matter of law ….")). That includes the definitive rulings of the New York courts and the Third Circuit that the Fourth Amendment was void *ab initio* and entered into in bad faith. (*See* Opinion at 64-65). Thus, the Trustee does not need or intend to re-litigate these issue at trial as a matter of *fact* because they have been conclusively decided as a matter of *law*.[2] Accordingly, as the Trustee stated in the Withdrawal Opposition, "the *factual* issues remaining to be tried concern Yucaipa's conduct when masquerading as Requisite Lender," including Yucaipa's "conduct in the JCT Negotiations" and whether it "caused Allied to commit events of default under the FLCA." (Withdrawal Opp. at 11) (emphasis in original). These facts do not overlap with the matters before Your Honor on appeal.

      The existence of the void Fourth Amendment is unescapable. Its relevance at trial is simply that it was the vehicle Yucaipa used to accomplish its later fiduciary breaches culminating in Yucaipa's self-serving conduct in the JCT Negotiations which resulted in significant damages to the Estate and its stakeholders. That is what this trial is intended to address.

      In its papers, Yucaipa misleadingly omits the word "factual" to give the appearance that the Trustee's position has changed. (*See, e.g.*, Supp. Br. at 1-2 ("Thus, the Trustee argued to this Court that *the only issues remaining for trial* 'relate to Yucaipa's conduct masquerading as

---

[2] While unwilling to accept the import of the holdings by the New York courts, the Third Circuit, and Judge Sontchi that entry of the Fourth Amendment was invalid and in bad faith, Yucaipa's counsel nevertheless seeks confirmation that the Trustee will not rely on any evidence or argument to the contrary. The Trustee, however, needs the ability to respond if Yucaipa raises such arguments regardless of how futile they may be.

Requisite Lender' …."), 3 ("The propriety of Yucaipa's conduct in connection with the Fourth Amendment – which the Trustee has now admitted will be *an issue at trial* ….")).  The Trustee's position, as discussed above, has not changed, and Yucaipa has already had a full opportunity to brief this issue.  Yucaipa's Supplemental Brief should be rejected.  *See Millett v. Truelink, Inc.*, 2006 WL 2583100, at *1 n.1 (D. Del. Sept. 7, 2006) (rejecting plaintiffs' argument that a sur-reply should be permitted because defendant "changed its position" on the relevant issue, finding instead that "defendant has consistently maintained" its position and plaintiffs "have had ample opportunity to brief" the issue).

> B.   **The Trustee's Position on the Aiding and Abetting Claim is Unchanged**

Similarly, nothing has changed with respect to the Trustee's stated position on Estate Claim 9 (Aiding and Abetting Breach of Fiduciary Duty) (*see* Supp. Br. at 4).  As explained in the Trustee's Withdrawal Opposition (at 8-9), this claim was alleged in the alternative to the Trustee's breach of fiduciary duty claim, in the event Yucaipa was somehow found not to have owed fiduciary duties to the Estate and its stakeholders.  Because Yucaipa's fiduciary status is not in dispute, as the Bankruptcy Court has held,[3] the aiding and abetting claim is effectively superfluous and will involve no additional proof at trial.  As reflected in Exhibit A to Yucaipa's Supplemental Brief (at 3-4), the Trustee was — and remains — willing to stipulate to dismissal of Estate Claim 9 on the understanding that Yucaipa owed fiduciary duties to Allied at all relevant times, and that any conduct rising to the level of aiding and abetting would itself be a breach of Yucaipa's own fiduciary duties, according to black letter Delaware law.[4]  This was true

---

[3]   *See* Opinion at 75 ("It is undisputed that Yucaipa owed a fiduciary duty to Allied.").

[4]   *See, e.g.*, *Higher Educ. Mgmt. Grp., Inc. v. Mathews*, 2014 WL 5573325, at *13 (Del. Ch.) ("As a separate and independent reason for dismissing the aiding and abetting claim against Garrity, I note that, as an executive officer, *i.e.*, the CFO of Aspen Group, Garrity himself owes fiduciary duties to the corporation, and therefore any conduct of his rising to the level of aiding

4

both before and after the Withdrawal Motion was fully briefed.  There are no "new circumstances" (Supp. Br. at 4) justifying either further briefing on this issue or withdrawal of the reference.

## CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court deny Yucaipa's Motion for Leave, and for the reasons set forth in the Trustee's Withdrawal Opposition, deny Yucaipa's Withdrawal Motion.

---

and abetting would be a breach of his own fiduciary duties."), *dismissed*, 2014 WL 6600012 (Del. Ch. Nov. 20, 2014); *Stewart v. Wilmington Tr. SP Servs., Inc.*, 112 A.3d 271, 320 n.228 (Del. Ch.) ("Any conduct of Kantner's [a director] that conceivably might rise to the level of aiding and abetting a breach of fiduciary duty in this regard would simply be a further breach of Kantner's own duties."), *aff'd*, 126 A.3d 1115 (Del. 2015).

5

Dated: December 27, 2021

        **FOX ROTHSCHILD LLP**

        By:     */s/ Seth A. Niederman*
                Seth A. Niederman (DE Bar No. 4588)
                Citizens Bank Center
                919 N. Market Street, Suite 300
                Wilmington, DE 19801
                Tel.: (302) 654-7444
                Fax: (302) 656-8920
                sniederman@foxrothschild.com

                -and-

        **JOSEPH HAGE AARONSON LLC**

                Gregory P. Joseph
                Douglas J. Pepe
                Gila S. Singer
                485 Lexington Avenue, 30th Floor
                New York, NY 10017
                Telephone: (212) 407-1200
                gjoseph@jhany.com

                -and-

        **ZAIGER LLC**

                Jeffrey H. Zaiger
                Judd A. Lindenfeld (*pro hac vice forthcoming*)
                2187 Atlantic Street, 9th Floor
                Stamford, CT 06902
                Telephone: (917) 572-7701
                jzaiger@zaigerllc.com

        *Counsel for the Litigation Trustee and Plan Administrator*

840841